IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| CAROL BROWN, | ) | C.A. No.: 4:26-cv-2195-JD-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | |
| | ) | |
| GEORGETOWN HOSPITAL SYSTEM d/b/a | ) | |
| Tidelands Health Georgetown Memorial and | ) | |
| Waccamaw, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT AND JURY DEMAND

The Plaintiff, Carol Brown, by and through her attorney, Bonnie Travaglio Hunt of Hunt Law, L.L.C., hereby complain against the Defendant, Georgetown Hospital System d/b/a Tidelands Health Georgetown Memorial and Waccamaw, as follows:

### Nature of the Action

1. This is an action brought pursuant to the laws of the United States of America.

2. This is an action brought pursuant to Civil Rights Act and EEO laws of the United States of America.

3. This is an action brought pursuant to the Laws of the State of South Carolina.

### Parties

4. Plaintiff, Carol Brown, hereinafter referred to as the Plaintiff, is an individual who at all times relevant herein was a resident of the of the State of South Carolina.

5. At all relevant times as presented herein the Plaintiff was an employee as defined by Federal Law.

1

6.  Plaintiff is informed and believes, and based thereon alleges, that Defendant, Georgetown Hospital System d/b/a Tidelands Health Georgetown Memorial and Waccamaw, herein after referred to as "Tidelands" or "Defendant", is, and at all times relevant herein was a business conducting medical work in South Carolina. The Defendant, Tidelands is subject to the laws of this Court pursuant to State and Federal Law.

7.  At all relevant times as presented herein the Defendant was an employer as defined by Federal Law.

### Jurisdiction and Venue

8.  The Florence Division is the proper venue for this action because this is the Circuit in which the Plaintiff resides and in which a substantial part of the events or omissions giving rise to the claims occurred.

9.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this matter presents a federal question.

10. Jurisdiction of this cause arises under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. Section 2000e-2(a) and Section 2000e-3(a), as amended by the Civil Rights Act of 1991 (CRA Section 91), 42 U.S.C. Section 1981A *et seq.*

### Procedural Prerequisites

11. On November 7, 2025, the Plaintiff properly filed a charge of discrimination based on Race Discrimination, Disability Discrimination, Hostile Work Environment, and Retaliation with the Equal Employment Opportunity Commission and the South Carolina Human Affairs Commission.  The Charge set forth the following:

*"I.  That I am a former African American employee of the employer.*

2

*II. That during my employment the Employer went to a new system. I was considered an exemplary employee before the new system.*
*III. That on May 1, 2025, I went to the Emergency Room due to not feeling well. After reporting to the ER, I was taken out of work for several days.*
*IV. When I returned to work, I was terminated for allegations that had previously been resolved before my stroke.*
*V. That my employer terminated me after my stroke in violation of the Americans with Disabilities Act.*
*VI. That my employer failed and refused to accommodate my perceived disability.*
*VII. That I was disciplined and terminated whereas other Caucasians were not.*
*VIII. That as an African American I was treated differently than other Caucasians. I was subjected to heightened scrutiny, manipulation, bullying, undermining my authority, and failures by my employer to prevent discrimination.*
*IX. That I was treated differently based on my race and in violation of Title VII.*
*X. That the Employer had subjected me to a hostile work environment and a retaliatory hostile work environment in violation of Title VII."*

12. Tidelands provided a position statement to the EEOC on December 16, 2025. The Position Statement provided several exhibits and statements. In the Position Statement, the Defendant contended that the Plaintiff falsified records.

13. The EEEOC issued its Right to Sue on March 16, 2026. The Determination and Notice of Rights set forth the following:

*DETERMINATION AND NOTICE OF RIGHTS*

*The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.*

*NOTICE OF YOUR RIGHT TO SUE*

*This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a*

*lawsuit against the respondent(s) on this charge under federal law in federal or state court, your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal. You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)*

*If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 415-2026-00237.*

14.    The Plaintiff hereby files his complaint within 90 days.

**Tidelands Policies**

15.    Employee Complaint Resolution and Grievance Policy:

*Tidelands Health encourages employee partners to seek internal resolution of any work-related complaints or grievances. Every employee partner of Tidelands Health has the ability to present his/her grievance and or file a good faith complaint in accordance with defined procedures, free from interference, coercion, restraint, discrimination, retaliation, penalty, or reprisal. Employee partners who do not follow the below outlined steps and timeframes of the complaint or grievance processes will effectively be considered as having abandoned the process and the matter will be considered "closed /resolved" according to this policy. Third Parties: The employee complaint resolution and grievance program is an internal process that does not anticipate or provide for the participation of third parties. Tidelands Health will not entertain or respond to requests for information related to its internal complaint or grievance process from third parties, including other*

4

*employees, family members, community representatives, or attorneys representing current or former employees. Temporary Suspension of Process: Tidelands Health reserves the right to temporarily place on hold or suspend an active complaint or grievance at any time due to an emergency event, organization or department downtime, or other event which must take precedence over the grievance.*

16.

## Factual Background

17. Ms. Brown began her employment with Tidelands in 1996. Ms. Brown held several positions with the Defendant including her last position as a Pre-Services Representative (PSR) II.

18. Ms. Brown had some discipline issues during her employment but none that warranted termination.

19. The Plaintiff's supervisor was Deatrice Cooper. In February 2025, Ms. Cooper filed a formal complaint of discrimination with Human Resources of the Defendant alleging racial discrimination based on differential treatment.

20. On March 27, 2025, the Plaintiff received a Verbal Corrective Action/Counseling form for tardiness, nothing else was mentioned.

21. On May 1, 2025, the Plaintiff fell ill while at work and went to the Emergency Room where she was diagnosed with having a stroke.

22. The Plaintiff was out of work for several weeks. When she returned, she was informed that she had falsified records. On May 25, 2025, the Plaintiff was given a Corrective Counseling Form setting forth she was receiving a Written Corrective Action and

Discharge Corrective Action/Counseling.  The Plaintiff's response was that she was a liability because she had a stroke.

23.    The Plaintiff's supervisor was Ms. Deatrice Cooper, an African American woman who also had a charge of discrimination pending against the Defendant.

24.    The Plaintiff properly filed a grievance with Tidelands setting for the following:

Grievance Letter
Carol Brown

May 26, 2025, I was untruthfully terminated from Tidelands Health because if you have evidence to terminate an employee for falsely documenting and was going to terminate me I would have been given termination paperwork on that day we had the meeting April 29,2025 about how I was documenting my spreadsheet. It was explained to me the correct way to document informs always put the time at the starting account on spreadsheet that was created to track employee once we start working from home. This is why on April 29,2025 the email was sent to Deatrice and Crystal saying putting time before or after starting account estimate if forgotten. Also, on April 30,2025 Deatrice sent me and CC Crystal Olsen, Cheryl Rhodes for me to take a training Insurance Class 101. This is not the actions of someone who is going to terminate an employee. This is the truth of what happened to me on May 1, 2025. I got into work and started my daily tasks. A few hours into work I started to feel something was wrong. My head was hurting, and it was a different feeling. I told Deatrice my supervisor I was going to the ER. She then replied asking was I going to the hospital and I replied yes. At the ER I was diagnosed with having a stroke. I followed all protocols to return to work. My first day back to work May 26, 2025, I was discharged on what was previously corrected and resolved prior to my stroke. This lets me know that I was not terminated due to falsely documenting I Carol Brown was discharge for having a stroke. Thank You

25.    The Plaintiff filed for benefits with the South Carolina Department of Employment and Workforce.  The SCDEW determined the Plaintiff was not terminated for cause.

26.    That on July 18, 2025, the Plaintiff received a response to her grievance.  The letter set forth the following:  *I have completed a thorough review of all information related to the Class III violation, including the grievance documentation you submitted. After careful consideration, I found that your grievance did not present any new information that would warrant a change to the outcome of the Class III corrective action issued on May 26, 2025.*

*Your leadership team-Supervisor Deatrice Cooper and Director Crystal Olsen-acted in accordance with all relevant Tidelands policies and procedures in handling this matter.*

*Based on the above, the Class III Corrective Action issued on May 26, 2025, will be upheld.*

27.  That each of the reasons provided by the Defendant for discipline, and termination were pretextual.

28.  That Defendant wrongfully discriminated by terminating her employment in violation of Title VII, and ADA.

29.  That each of the reasons presented by the Defendant was pretextual.

30.  Defendant's actions described herein were intentional and inflicted upon Plaintiff severe mental and emotional distress.

31.  As a result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, loss of promotion, loss of benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity, and other intangible injuries for all of which she should be compensated.

32.  That the Defendant is the direct and proximate cause of injury to the Plaintiff.

33.  That the Plaintiff was issued certain policies and procedures by the Defendant.

34.  The Defendants violated the policies and procedures by failing to follow the actual policies in place against discrimination, hostile work environment and retaliation.

35.  That as a result of Defendant's actions regarding retaliation, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other

economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which he should be compensated.

36. Defendant engaged in policies and practices which willfully, intentionally, and unlawfully discriminated against Plaintiff on the basis of her race, disability, and retaliation for her complaints.

37. That the Plaintiff's coworkers who were Caucasian were treated more favorably in evaluations, promotion, work assignments, work enviroment and employment.

38. That the Defendant's actions towards the Plaintiff violated the law.

39. That the Defendant is the direct and proximate cause of damage to the Plaintiff.

40. That, as a direct and proximate result of the Defendant's intentional unlawful actions towards the Plaintiff based on the Plaintiff's race and disability, the Plaintiff:

   a. Suffered lost wages and benefits;

   b. suffered severe emotional distress;

   c. suffered future lost wages and future lost benefits;

   d. suffered economic damages;

   e. changes in the terms and conditions of employment;

   f. harassment and hostile work environment;

   g. Loss of employment;

   h. Loss of Future employment;

   i. incurred attorney fees for this action;

   j. incurred costs of this action; and

   k. will incur future attorney fees and costs.

41. That the Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees previous, future and present, costs of previous future and this action, and other damages such as this Honorable Court deems appropriate and just.

42. Pursuant to Title VII, Plaintiff also seeks compensatory damages including future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

43. Plaintiff seeks all back pay and fringe benefits to which she is entitled under the law, as well future damages, and liquidated damages under the act.

44. As Plaintiff is seeking damages under Title VII for race pursuant to the law and Plaintiff also demands a jury trial as to all claims properly tried to a jury pursuant to Title VII.

## FOR A FIRST CAUSE OF ACTION
## RACE DISCRIMINATION IN VIOLATION OF TITLE VII

45. That Paragraphs one (1) through forty-four (44) are hereby incorporated verbatim.

46. That the Plaintiff has been treated differently based on her race by the Defendant.

47. That the Plaintiff was subjected to discriminatory commentary regarding her race, discriminatory commentary and hostile work environment.

48. That the Plaintiff was treated less favorably than Caucasian employees.

49. That the Caucasian employees were not subjected to the same discipline or commentary of the Plaintiff.

50. That the Plaintiff participated in a protected act when she reported discrimination, harassment, and hostile work environment.

51. That the Defendant allowed the Plaintiff to be discriminated against based on her race in violation of their own policies and procedures and the law.

52.   That the Defendant failed and refused to correct the behavior.

53.   That the Defendant allowed the Plaintiff to be treated differently despite the Plaintiff's supervisor complaining that she was being treated differently and that all employees should be disciplined the same.

54.   That the Defendants discriminated against the plaintiff based on her race, treated her differently based on her race and failed and refused to discipline all employees the same.

55.   That the Defendants subjected the Plaintiff to discrimination in violation of the law.

56.   That, as a direct and proximate result of the Defendants' intentional, unlawful and retaliatory actions, the Plaintiff:

    (a)   Suffered severe emotional distress;

    (b)   Suffered lost wages and benefits;

    (c)   Suffered future lost wages and benefits;

    (d)   Incurred attorney's fees and costs of this action.

57.   That the Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, attorney's fees, costs of this action, and other damages such as this Honorable Court deems appropriate and just.

**FOR A SECOND CAUSE OF ACTION**
**DISABILITY DISCRIMINATION IN VIOLATION OF AMERICANS WITH**
**DISABILITIES ACT**

58.   That Paragraphs one(1) through fifty-seven (57) are hereby incorporated verbatim.

59.   The Defendants are employers as defined in ADA.

60.   That the Plaintiff is an employee as defined by the ADA.

61.   That the Plaintiff was considered an exemplary employee.

62.    That while she has been employed with the Defendants, the Plaintiff has been able and has performed her job duties in a satisfactorily level of the Defendants.

63.    That the Plaintiff suffered a stroke while working.  That the Plaintiff was treated differently based on her disability.  That the Plaintiff was subjected to severe emotional distress as a result of the Defendants failure to properly treat the Plaintiff.

64.    That the Defendants considered the Plaintiff's disability or perceived disability when considering any and all employment decisions.

65.    That the Defendants failed and refused to accommodate her conditions.

66.    That the Defendants violated its own policies and procedures when it allowed employees to harass the Plaintiff based on a perceived disability.

67.    That the Plaintiff suffered from mobility issues during her employment as a result of the injury.  As a result of that perceived disability the Defendants' employees harassed the Plaintiff, made substantial negative commentary and bullied the Plaintiff.

68.    That the Plaintiff has suffered severe emotional damages as a result of the Defendant's discrimination against the Plaintiff.

69.    That the Plaintiff was subjected to discrimiantion based on consideration of her disability, the Defendantss perception of the Plaintiff's disability, or in consideration of the Plaintiff's disability, the Defendants violated the ADA.

70.    That as a direct result of the Defendants' violation of ADA the Plaintiff has suffered:

a.    Lost wages and lost benefits;

b.    Future lost wages and Benefits;

c.    Economic damages;

d.    Economic hardship;

11

e.    Lost wages;

f.    Suffered anxiety, humiliation and emotional damages.

71. That the Plaintiff is entitled to recover damages from the Defendants in the amount of actual damages, consequential damages, punitive damages, reasonable attorney's fees, the costs of this action and all other damages available pursuant to the ADA for the Defendants' discrimination against the Plaintiff based on her disability.

### RETALIATION FOR COMPLAINTS REGARDING RACE AND DISABILITYDISCRIMINATION

72.    That Paragraphs one (1) through seventy-one (71) are hereby incorporated verbatim.

73.    That the Plaintiff is an employee as defined by Title VII.

74.    That the Defendant is an employer as defined by Title VII and subject to the laws and policies and procedures of the federal government.

75.    That the Plaintiff has filed complaints regarding race discrimination, disability discrimination, and harassment/hostile work environment to management.  As a result of those complaints the Plaintiff was terminated.

76.    As a result of those complaints the plaintiff has been treated differently and subjected to retaliation.

77.    That the Plaintiff was considered an exemplary employee by her direct supervisor and did not warrant termination as other Caucasian employees were not terminated for the same actions as the Plaintiff.

78.    As a result of the Plaintiff's complaints regarding discrimination based on her Race, Disability,  and hostile work environment the Plaintiff was subjected to changes in terms and conditions and terminated.

12

79. The Defendant's actions described herein were intentional and inflicted upon Plaintiff to insure severe mental and emotional distress.

80. As a result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which she should be compensated. Including, future losses related to refusals to provide appropriate raises and positions.

81. That the Defendant is the direct and proximate cause of injury to the Plaintiff.

82. That the Plaintiff is entitled to an award of damages from the Defendant. That the Plaintiff is entitled to recover damages from the Defendant in the amount of actual damages, consequential damages, punitive damages, reasonable attorney's fees, the costs of this action and all other damages available pursuant to Federal Law.

## FOR A THIRD CAUSE OF ACTION

## HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII

83. That Paragraphs one (1) through eighty-two (114) are hereby incorporated verbatim.

84. That the Plaintiff was an employee of the Defendants.

85. That the Defendant is an employer in accordance with Title VII.

86. That the Defendant subjected the Plaintiff to a hostile work environment.

87. That the Plaintiff's work environment was abusive, to the point of severe and pervasive.

88. The Plaintiff was subjected to discrimination based on her Race.

89. That the Defendant failed and refused to address the situation.

90. That the Plaintiff suffered severe emotional distress as a result of the Defendant's hostile work environment based on the Plaintiff's Race.

13

91. That the Plaintiff's severe emotional distress was foreseeable as a result of the severe and pervasive work environment that the Defendant subjected the Plaintiff.

92. That the Plaintiff has been damaged as a result of the Defendant work environment.

93. That the Defendant is the direct and proximate cause of damage to the Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE plaintiff prays that this Honorable Court:

A. Accept jurisdiction over this matter, including the pendent claim;

B. Empanel a jury to hear and decide all questions of fact;

C. Award the Plaintiff lost wages, future lost wages, lost benefits and future lost benefits;

D. Award to plaintiff compensatory and consequential damages against the defendant;

E. Award to plaintiff punitive damages against the defendant for their malicious and spiteful pattern of sexual discrimination;

F. Award to plaintiff All damages available to the plaintiff damages against the defendant for their malicious discrimination against the plaintiff in violation of Title VII;

G. Award to plaintiff the reasonable attorneys' fees and costs incurred in the prosecution of this matter;

H. Award all damages available to the Plaintiff pursuant to Federal Law;

I. Permanently enjoin the defendants, their assigns, successors, agents, employees and those acting in concert with them from engaging in discrimination, disparate treatment or retaliation against plaintiff and

J. enter any other order the interests of justice and equity require.

14

HUNT LAW LLC

*s/Bonnie Travaglio Hunt*
Bonnie Travaglio Hunt
4000 Faber Place Drive, Suite 300
North Charleston SC 29405
Post Office Box 1845, Goose Creek, SC 29445
(843)553-8709

Dated:  June 4, 2026